**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00128-CV**
_____

**EDGAR DUARTE, Appellant**

**V.**

**BROOKAYE PARTNERSHIP LTD D/B/A/ HUNTINGTON BROOK APARTMENTS, DZIEN NGUYEN D/B/A HUNTINGTON BROOK APARTMENTS, AND EXCEL REAL ESTATE & MANAGEMENT CO., Appellees**

_____

**On Appeal from the 101st District Court**
**Dallas County, Texas**
**Trial Cause No. DC-18-03183**

_____

**ORDER**

When he was in the trial court, Edgar Duarte filed a notice of appeal complaining about an order signed by an associate judge granting Brookaye Partnership LTD d/b/a Huntington Brook Apartments' no-evidence motion for summary judgment and of the trial court's denial of his motion for new trial. Duarte then filed a brief in which he complains the trial court never conducted a de novo

1

hearing after he requested one following the associate judge's ruling on the no-evidence motion.

The record shows the trial court signed an order denying the de novo hearing request, but then vacated that order and signed an order denying Duarte's motion for new trial. Duarte appealed from the ruling.[1] The appellate record does not contain an order or judgment by the trial court adopting the associate judge's ruling on the motion for summary judgment.[2] The appellate record also does not include a record showing the trial court conducted a de novo hearing on the ruling made by the associate judge.[3]

A court of appeals must not affirm or reverse a judgment or dismiss an appeal if the trial court's failure to act prevents the proper presentation of a case to the appellate court and the trial court can correct its failure to act.[4] We abate the appeal and remand the case to the trial court for a de novo hearing on the issue of whether Duarte received notice of the October 31, 2019 summary judgment hearing before the associate judge.[5] We direct the trial court to sign a judgment or order.[6] A

---

[1]The Texas Supreme Court transferred the appeal from the Fifth Court of Appeals to this Court pursuant to a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001.

[2]*See id*. § 54A.116(b).

[3]*See id*. § 54A.115(e).

[4]*See* Tex. R. App. P. 44.4(a).

[5]*See id*. 44.4(b).

[6]*See* Tex. Govt. Code Ann. § 54A.116(b).

2

supplemental clerk's record and a supplemental reporter's record containing a transcription of any hearings conducted while the case is before the trial court shall be filed with the Court of Appeals on or before July 28, 2022.

The appeal will be reinstated without further order when the Court of Appeals receives the supplemental record. Upon reinstatement, the parties may file supplemental briefs. The appellant's supplemental brief must be filed no later than 30 days after the supplemental record is filed. The appellee's supplemental brief must be filed no later than 30 days after the appellant files his supplemental brief. Requests for briefing extensions will be strongly disfavored.

ORDER ENTERED June 28, 2022.

PER CURIAM

Before Kreger, Horton and Johnson, JJ.

3